UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NED LEE MOTON,

    Plaintiff,

v.               Case No. 17-cv-178-PP

PARK PLACE HOSPITALITY, LLC,

    Defendant.

---

## ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT BY MARCH 17, 2017, OR FACE DISMISSAL

---

  On February 7, 2017, the plaintiff, who is representing himself, filed a complaint along with a motion asking the court to allow him to proceed *in forma pauperis*. Dkt. No. 2. For the reasons explained below, the court will hold the plaintiff's motion to proceed *in forma pauperis* in abeyance and will order him to file an amended complaint by March 17, 2017, more fully explaining the factual basis for his complaint.

  The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

  In his request to proceed without paying the filing fee, the plaintiff states that he is not married, is employed, and does not financially support any dependents. Dkt. No. 2, at 1. He receives $2,087 per month in income from his

1

employment with Goodwill. Id. at 2. He states that, in the last twelve months, he also has received an additional $950 from Goodwill and $1,033 in Social Security. He has $500 in a checking or savings account. Id. at 3. He lists no other property or assets. Id. 3-4. The plaintiff states that his total monthly expenses are $1,880 per month, comprised of $649 in rent, $300 in household expenses, $123 in life insurance, $117 in car insurance, $40 in federal taxes, and $300 in utilities. Id. at 1-2. After deducting the plaintiff's monthly expenses from his monthly income, the plaintiff is left with $207. Based on the information contained in the plaintiff's application, the court concludes that the plaintiff is unable to pay the filing fees and costs associated with this action, so the plaintiff has met the financial requirements of §1915(a).

Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Thus, district courts "screen" complaints filed by self-represented plaintiffs who request relief from the filing fee, to determine whether they must dismiss complaints under these standards.

A complaint is frivolous, for purposes of §1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may dismiss a case as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." Id. at 32

(quoting Neitzke, 490 U.S. at 327). The standards for deciding whether to dismiss a case for failure to state a claim under §1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). To survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." DeWalt, 224 F.3d at 612. The court must liberally construe a *pro se* plaintiff's allegations, no matter how "inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff's complaint contains almost no factual allegations. It simply alleges that the defendant's general manager "discriminated and showed bias in job placement." Dkt. No. 1, at 2. The plaintiff attached to the complaint his Notice of Right To Sue letter and a short narrative statement, but neither document sheds light on what the defendant did that makes the plaintiff believe that they discriminated against him based on age and/or race. The plaintiff's narrative statement suggests that the plaintiff's claim relates to a dispute over the plaintiff's ability to continue driving a hotel van. Dkt. No. 1-1,

at 2. According to the plaintiff's statement, after "another driver lost his van driving privileges," the defendant offered him a different job. Id. The plaintiff insists that he was not offered another job after he lost his driving privileges, although the parties appear to dispute this question. Id. From the totality of the information the plaintiff has filed, the court infers that the plaintiff believes some form of discrimination motivated the defendant's alleged decision not to offer him further employment options after he lost his van driving privileges. But right now, the court does not have enough information in the record for the court to determine the basis for the defendant's alleged discrimination or to evaluate whether the plaintiff's claims have an arguable basis in law or fact. Denton, 504 U.S. at 31.

The court will give the plaintiff an opportunity to amend his complaint, so that he can allege the specific facts that are relevant to the claims he seeks to bring against the defendant and the type of discrimination he believes he has suffered. The court will give the plaintiff a specific amount of time in which to file his amended complaint. If, within that time, the plaintiff does not file an amended complaint, the court will dismiss his case without prejudice.

The court **ORDERS** that the plaintiff must file an amended complaint on or before **MARCH 17, 2017**. If the plaintiff does not file his amended complaint

by that date, the court will dismiss the complaint without prejudice, without further notice or hearing.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge