UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NED LEE MOTON,

        Plaintiff,

v.                                      Case No. 17-cv-178-pp

PARK PLACE HOSPITALITY, LLC,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), AND ORDERING THE U.S. MARSHAL'S SERVICE TO SERVE THE AMENDED COMPLAINT**

On February 7, 2017, the plaintiff filed a *pro se* complaint, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 1. The court issued an order on February 24, 2017, concluding that although the plaintiff had satisfied the financial requirements to show that he could not pay the filing fee, the complaint contained almost no facts to explain what the defendant did to make the plaintiff believe that he had been discriminated against on the basis of age and/or race. Dkt. No. 3. The court ordered the plaintiff to file an amended complaint, alleging specific facts relevant to his claims of discrimination. Id. The court received the plaintiff's amended complaint on March 16, 2017. Dkt. No. 5. The court has reviewed that complaint, and the documents the plaintiff attached to it; based on that review, the court will grant the plaintiff leave to proceed without prepayment of

1

the filing fee, and will order the U.S. Marshals Service to serve a copy of the amended complaint on the defendant.

Because the plaintiff is representing himself, and is asking the court to allow him to proceed without prepaying the filing fee, the court must "screen" the complaint under 28 U.S.C. §1915(e)(2)(B); Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("District courts have the power to screen complaints filed by all litigants."). When screening a complaint under §1915(e)(2), the court must decide whether the complaint is frivolous, or states claims upon which a federal court can't grant relief. The allegations in the complaint must go beyond a merely speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). On the other hand, the court gives a *pro se* plaintiff some lenience, and a *pro se* plaintiff's claims need not be "artfully" pled. See, e.g. Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

The plaintiff, a sixty-six year old African American male, alleges age and race discrimination. Dkt. No. 5 at 1. According to the plaintiff, on October 11, 2013, the general manager of Park Place Hospitality fired him from his job as the driver of the company van after discovering that the plaintiff had lost his license on April 13, 2013 for operating while intoxicated. The plaintiff alleges that he still had an occupational license, and still could drive the hotel van. Allegedly, Park Place Hospitality allowed another driver, a twenty-five year old Caucasian employee who also had an OWI on his record, to remain on the job. At this early stage of litigation, the plaintiff has alleged that his employer fired him—a sixty-six-year-old African-American man—while keeping a Caucasian

2

man in his twenties who was similarly situated. This is enough to allow the plaintiff to move forward on his claims of discrimination based on age and race. It also appears from the documents the plaintiff attached to the amended complaint that the plaintiff has exhausted his administrative remedies with the E.E.O.C.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and attachments; a waiver of service form and/or the summons; the magistrate judge consent/refusal form; and this order on the defendant under Rule 4 of the Federal Rules of Civil Procedure. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. §1921. The full fee schedule is available at 28 C.F.R. § 0.114(a)(2)-(3). Even though Congress requires the court to order service by the U.S. Marshals Serve when the court allows a person to proceed without prepayment of the filing fee, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

The plaintiff does not need to take any other action at this time. After the defendant answers or otherwise responds to the complaint, the court will notify the plaintiff of the next steps in the process.

The court **ORDERS** that the plaintiff shall notify the clerk of court's office of any change of address. Failure to provide such notification or make any

timely submission may result in the dismissal of this action for failure to prosecute. The court also advises the plaintiff that if, in the future, he does not file documents by the deadlines the court sets, the court may dismiss his case for failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin this 10th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**