UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NED LEE MOTON,

                    Plaintiff,

          v.                                    Case No. 17-cv-178-pp

PARK PLACE HOSPITALITY LLC,

                    Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 15) AND SETTING SCHEDULING CONFERENCE**

The plaintiff, representing himself, filed a complaint against Park Place Hospitality, LLC. Dkt. No. 1. According to the plaintiff, the defendant discriminated against him and "showed bias in job placement." Id. at 2. The plaintiff attached to the complaint a Notice of Suit Rights from the Equal Employment Opportunity Commission, dkt. no.1-1, but did not state any facts to support his claim that the defendant had discriminated against him. Dkt. No. 1. The court allowed the plaintiff to amend the complaint to allege "the specific facts that are relevant to the claims he seeks to bring against the defendant and the type of discrimination he believes he has suffered." Dkt. No. 3. The plaintiff took that opportunity and filed an amended complaint, dkt. no. 5; the court screened it, granted the plaintiff's motion to proceed without prepaying the filing fee and ordered the U.S. Marshal to serve a copy of the amended complaint on the defendant, dkt. no. 6. The defendant has filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction under 12(b)(1) and for failure to provide a short and plain

1

statement of his claims in numbered paragraphs under Federal Rules of Civil Procedure 8 and 10(b). Dkt. No. 15. Because the court has subject matter jurisdiction over the plaintiff's federal law claims, the court will deny the motion to dismiss without prejudice.

## I.    Legal Standard Governing Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's lack of subject-matter jurisdiction. When reviewing a Rule 12(b)(1) motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 625 (7th Cir. 2007) (quoting Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir.1999)). The court may look beyond jurisdictional allegations and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. Id.

A motion to dismiss under Rule 12(b)(6) asserts that the allegations in the complaint do not state a claim for which a federal court may grant relief. Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "short and plain statement" required by Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Under federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id., 550 U.S. at 555. Rule 10(b)

requires a party to state its claims in numbered paragraphs, each limited to a single set of circumstances. Fed. R. Civ. P. 10(b).

## II.     Amended Complaint

The plaintiff alleges that he worked at Hilton Garden Inn from July 6, 2006 to October of 2013. Dkt. 5 at 3. He says that on October 11, 2013, the general manager and his assistant called the plaintiff into their office and told him that he could no longer drive the hotel van because of a report received from the insurance company. Id. The plaintiff admits that he lost his license on April 13 for operating while intoxicated, but he says that he did not lose his driving privileges. Id. He says that he was able to get an occupational license as a first-time offender and that he paid two thousand dollars to get his license back. Id. The plaintiff did not tell the defendant about the conviction because he believed he could drive the hotel van with an occupational license. Id.

The plaintiff takes issue with the defendant's characterization that he "walked off the job." Id. at 4. According to the plaintiff, another driver (twenty-five years old and Caucasian) lost his license at the same time but kept his job. Id. at 4. To explain why he is "claiming discrimination or at the very least favoritism in job placement" and why he feels that the other driver was treated better, id. at 1, the plaintiff references "original forms where Administrative Judge John Gehlhard said there's no proof that I was offered any job offers," and "Findings of Fact," id. at 4. He asks the court to check various pages of these forms and findings. Id. The plaintiff is sixty-six years old and African American. Id. at 5.

The plaintiff attached twelve pages of documents to the amended complaint; they appear to consist of paperwork he received from the State of Wisconsin Division of Workforce Development's Equal Rights Division ("ERD") and the State of Wisconsin Labor and Industry Review Commission ("LIRC"). Id. at 6-12. The documents do not appear to be complete—he filed only certain pages of each document—and he did not file the excerpts in chronological order. From what the court can tell, the plaintiff filed a complaint with the ERD on July 2, 2014, alleging race and age discrimination. Dkt. No. 5-1 at 6. The ERD issued an initial determination of no probable cause on October 20, 2014. Id. The plaintiff appealed the initial determination and the administrative law judge conducted a hearing on November 11, 2015. Id. at 6. The administrative law judge found that the plaintiff fell within the protected group because of his race and age, but that the defendant discharged the plaintiff because of his driving record and lack of insurability. Id. at 1. The administrative law judge did not find support for the defendant's position that they offered him alternative jobs when he could no longer drive the van. Id.

The plaintiff received a notice of right to sue from the EEOC on November 7, 2016. Dkt. No. 1-1. This notice advised the plaintiff that he had ninety days to file a suit under federal law (Title VII or the Age Discrimination in Employment Act) in federal or state court. Id.  The plaintiff filed this lawsuit on February 7, 2017. Dkt. No. 1.

## III.  Analysis

The defendant asserts that the complaint does not allege "any facts that plausibly suggest [the defendant] terminated his employment because of his race or age." Dkt. No. 16 at 1. It also argues that the plaintiff appears to be trying to appeal the decisions of the ERD and the LIRC to this court, and that this court does not have subject-matter jurisdiction to review those decisions. Id.

The defendant's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is based on the defendant's view that the amended complaint contains nothing more than an attack on the ERD and LIRC's findings. The court concedes that that is one possible interpretation of the plaintiff's claims. Wisconsin has a Fair Employment Act that prohibits discrimination in the terms, conditions, or privilege of employment because of age or race. Wis. Stat. §§111.31-111.395. The act provides that the Department of Industry, Labor and Human Relations shall administer its provisions, and gives the department authority to investigate complaints of discrimination, hold hearings, and to order relief, including back pay. See Wis. Stat. §§111.375 and 111.39. A complainant may file a charge with the ERD within three hundred days from the date the alleged discriminatory act took place. Wis. Stat. §111.39. An investigator within the ERD makes an initial determination of probable cause or no probable cause. Wis. Admin. Code §§DWD 218.06 and 218.07. If dissatisfied with the result, the complainant may request a hearing. §DWD 218.08(2). The complainant then may appeal the decision to the LIRC within

thirty days. §§DWD218.20(2) and 218.21. That decision may be appealed to the Wisconsin Circuit Court, Wis. Stat. §§111.395 and 227.52(7), and the Wisconsin Court of Appeals, Wis. Stat. §227.85. The complainant also may file a charge with the EEOC three hundred days after the date of the alleged unlawful practice or within thirty days after a final determination by the ERD. 42 U.S.C. §2000e-5(e)(1).

It looks like the plaintiff availed himself of these processes, or at least part of them. The defendant states, without a single citation of authority, that this court does not have the authority to review the decisions of the ERD or the LIRC. The ERD and the LIRC have limited jurisdiction; they cannot hear and decide claims under federal anti-discrimination statutes. Staats v. Cty. of Sawyer, 220 F.3d 511, 516 (7th Cir. 2000). What the defendant should have argued, but didn't, is preclusion—that the fact that the ERD and the LIRC decided the plaintiff's claims precludes this court from considering them. Whether the ERD decision has preclusive effect in federal court is a complicated question—it depends on what facts were presented to the ERD, and what specific issues the ERD decided. See, *e.g.*, University of Tenn. v. Elliott, 478 U.S. 788, 795-96 (1986) (holding that unreviewed state administrative claims do not have preclusive effect on Title VII claims); Brown v. Kraft Foods Global, Inc., Case No. 11-cv-462, 2011 WL 3477087 (E.D. Wis. Aug. 9, 2011) (finding that an ERD decision did not have preclusive effect because the ERD had not made a finding on one of the plaintiff's allegations). The same is true of an LIRC decision. See Staats, 220 F.3d 511 (7th Cir. 2000).

Because this court does have jurisdiction to decide claims under federal anti-discrimination statutes unless those claims are precluded, 28 U.S.C. §1331, the defendant's subject-matter jurisdiction argument fails.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discharge or otherwise discriminate against any person in the terms or conditions of employment because of race. 42 U.S.C. §2000e(2)(a)(1). The Age Discrimination in Employment Act prohibits discrimination in the terms or conditions of employment on the basis of age. 29 U.S.C. §623(a)(1). There are certain prerequisites to bringing a discrimination claim under Title VII: a plaintiff must timely file a charge and receive a right to sue letter from the EEOC. 42 U.S.C. §2000e-5(b), (e), and (f). Once the plaintiff receives a right to sue letter, he or she has ninety days bring suit in federal court. 42 U.S.C. §2000e-5(f)(1). The ninety days begins to run when the plaintiff or his attorney has actual receipt of the notice. Thread-gill v. Moore U.S.A., Inc., 269 F.3d 848, 850 (7th Cir. 2001).

"In a motion based on Fed. R. Civ. P. 12(b)(6), the question before the Court is whether any set of facts consistent with the complaint would give [the plaintiff] a right to relief." Brown, 2011 WL 3477087 at *2 (citing Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009)). The plaintiff here has alleged a set of facts that might give him a right to relief in federal court. He has alleged that the defendant terminated him but did not terminate another driver who was younger and Caucasian. He also has alleged that the defendant lied about the plaintiff "walking away" from the job and leaving the building. Dkt. No. 5 at 1.

The Seventh Circuit has stated, "on numerous occasions, that a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). The plaintiff has stated a claim for violations of federal anti-discrimination statutes. He also appears to have satisfied the prerequisites for such a claim; he attached to the original complaint the EEOC's notice of right to sue letter, and he appears to have timely filed his federal complaint.[1] The defendant's Rule 12(b)(6) argument also fails.

There may be reasons the plaintiff cannot prevail on the claims in the amended complaint, but at this early stage and in the context of a motion to dismiss, the court takes the plaintiff's allegations as true. The court will deny the motion to dismiss, and will calendar a scheduling conference by separate notice.

## IV. Conclusion

The court **DENIES** the defendant's motion to dismiss without prejudice. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 25th day of March, 2019.

BY THE COURT:

_____

HON. PAMELA PEPPER
United States District Judge

---

[1] The ninety days is computed under the Federal Rules of Civil Procedure, so weekends and holidays are included in that period. Grzanecki v. Bravo Cucina Italiana, 408 Fed. App'x. 993, 996 (7th Cir. 2011). The EEOC issued the notice of right to sue on November 7, 2016; the plaintiff filed the complaint on February 7, 2017. Dkt. No. 1.